UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BROOKE DAVIDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-1223 |
| | ) |
| **COMLUX AMERICA LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

**1.** Plaintiff, Brooke Davidson, (hereinafter "Davidson"), by counsel, brings this action against Defendant, Comlux America LLC ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as amended.

### II. PARTIES

**2.** Davidson is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

**3.** Defendant is a corporation who conducts business within the geographic boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

**4.** Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 2000e-5e(f)(3), and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. § 203(d).

6. Davidson was an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and 29 U.S.C. § 203(e)(1).

7. Davidson satisfied her obligation to exhaust her administrative remedies after having timely filed her Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sexual orientation discrimination and sex-based discrimination. Davidson received the required Notice of Sue Rights and timely files this action.

8. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Davidson, female, was hired by Defendant as the Director of Human Resources on or about June 15, 2020. Davidson was offered $75,000 per year for the position and informed that her compensation was not negotiable.

10. At all relevant times, Davidson met or exceeded Defendant's legitimate performance expectations.

11. On or about June 17, 2020, Davidson was included on an email chain discussing a situation where a salary offer to an employee would place that employee at a higher compensation than the employee's manager. The discussion led Davidson to recognize that she was being paid significantly less than the three other Director-level positions at Defendant.

12. Davidson reported to Jerry Crone, Chief Executive Officer. In her first days of employment, Davidson set up various meet and greet appointments with managers, department heads and executives. Crone suggested to Davidson that she send an email out to staff introducing herself.

13. On or about June 19, 2020, Davidson sent an email to all staff introducing herself to the company. In her email, she noted that she "lived in the Avon area with her wife, two dogs and three cats." After she sent this email, Davidson noticed that the meetings that she had set-up were being rescheduled or cancelled.

14. On or about June 25, 2020, Davidson sent an email to Crone complaining about what she reasonably perceived to be a gender-based pay disparity in her income compared to her male colleagues.

15. The following day, June 26, 2020, Crone terminated Davidson's employment noting that it was just not working out. Davidson pressed Crone for some guidance on what she could do better in the future and Crone noted that she should "rethink [her] welcome message."

## V. CAUSES OF ACTION

### COUNT I: TITLE VLL – SEXUAL ORIENTATION DISCRIMINATION

16. Davidson hereby incorporates paragraphs one (1) through fifteen (15) of her Complaint.

17. Defendant discriminated against Davidson on the basis of her sexual orientation.

18. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

19. Defendant's actions were willful, intentional, and done with reckless disregard of Davidson's legally protected rights.

20. Davidson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: EPA

21. Davidson hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant paid Davidson significantly less than her male peers despite the fact that her male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

23. Defendant's actions were intentional, wilful, and taken in reckless disregard of Davidson's legal rights.

24. Defendant's actions have violated Davidson's rights as protected by the Equal Pay Act, 29 U.S.C. §§ 206(d).

25. Davidson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION – TITLE VII

26. Davidson hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Davidson engaged in a protected activity under Title VII.

28. Defendant terminated Davidson's employment because she engaged in a activity protected by Title VII.

29. Defendant's actions were intentional, wilful, and in reckless disregard of Davidson's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

30. Davidson suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: RETALIATION – FLSA

31. Davidson incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Davidson engaged in a protected activity under the FLSA when she complained that she was being paid less than men, who were employed in similar positions.

33. Defendant terminated Davidson's employment because she engaged in activity protected by the FLSA.

34. Defendant's actions were intentional, willful, and in reckless disregard of Davidson's rights as protected by the FLSA.

35. Davidson suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brooke Davidson, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Davidson's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Davidson of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. Liquidated damages;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*
Ryan Sullivan, Atty No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com

*Attorneys for Plaintiff, Brooke Davidson*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Brooke Davidson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan, Atty No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com